UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES JOSEPH BRUNDAGE,<br><br>     Petitioner,<br><br>  v.<br><br>STATE OF WASHINGTON,<br><br>     Respondent. | CASE NO. C10-5718RJB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY |

This matter comes before the court on the Report and Recommendation of the Magistrate Judge. Dkt. 29. The court has considered the relevant documents and the remainder of the file herein.

On May 25, 2011, the Magistrate Judge issued a Report and Recommendation, concluding that all but one of petitioner's claims were unexhausted and procedurally barred, and that his exhausted claim was without merit. Dkt. 29. The court has reviewed the record *de novo*. While the court agrees with the recommendation of the Magistrate Judge, this order will provide additional analysis of the claims.

ORDER ADOPTING REPORT AND
RECOMMENDATION, DENYING PETITION
FOR WRIT OF HABEAS CORPUS, AND
DENYING A CERTIFICATE OF
APPEALABILITY- 1

**1. Unexhausted Claims**

The court has numbered petitioner's claims, for ease of reference. The numbers correspond to the claims petitioner appears to have raised in the petition.

*Claim 2 (Dkt. 1-4, at 1)*: Ineffective Assistance of Counsel for not objecting to the lesser-included instructions. This claim was not included in petitioner's thirty page brief to the Washington Supreme Court in his personal restraint proceedings. Although petitioner included some argument on this issue in the exhibits and appendices to the thirty page brief, the Washington Supreme Court addressed only what was included in his brief, after giving petitioner explicit instructions to file a brief of thirty pages. The claim is, therefore, unexhausted and procedurally barred.

*Claim 3 (Dkt. 1-5, at 1)*: Ineffective assistance of counsel for failure to cross examine 404(b) witness JLF, also known in the record as JLC: This claim was not raised before the Washington Supreme Court as a violation of petitioner's constitutional rights. The claim is unexhausted and procedurally barred.

*Claim 4 (Dkt. 1-6, at 1)*: Prosecutorial Misconduct for showing photographs of the victim tied to a 4x4: This claim was not raised before the Washington Supreme Court as a violation of petitioner's constitutional rights. The claim is unexhausted and procedurally barred.

*Claim 5 (Dkt. 1-2, at 1-12)*: Ineffective Assistance of counsel for failure to present a trial brief and motions *in limine*, and for failure to object at trial to improper comments regarding Mr. Brundage's post-arrest silence. Petitioner presented the ineffective assistance of counsel claim to the Washington Supreme Court as an evidentiary error, not an ineffective assistance of counsel claim. Petitioner did not present this claim to the Washington Supreme Court in his motion for

discretionary review. Because this claim was not raised before the Washington Supreme Court as a violation of petitioner's constitutional rights, the claim is unexhausted and procedurally barred.

**2. Exhausted Claims**

*Exhausted Claims.* In *Claim 1 (Dkt. 1-2, at 5, and 1-3, at 1)*, petitioner contends that his trial counsel was ineffective for telling the jury to discount his testimony. This claim was exhausted. It is unclear whether the Magistrate Judge concluded that petitioner had exhausted *Claim 2 (Dkt. 1-4, at 1):* that petitioner's counsel was ineffective for telling the jury to find petitioner guilty of the lesser-included offenses of Second Degree Rape, Second Degree Kidnapping, and seven counts of violating a no-contact order. It appears that this claim was exhausted because the Washington Supreme Court addressed the claim on the merits in petitioner's personal restraint proceedings. The court will address both of these claims on the merits.

*Legal Standard.* In order to establish ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that the deficient performance affected the result of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. In order to demonstrate prejudice, the defendant must show there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different. *Strickland*, 466 U.S. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *United States v. Bagley*, 473 U.S. 667, 682 (1985).

Under the first prong of the *Strickland* test, the question is whether counsel's assistance was reasonable under the totality of the circumstances, viewed as of the time of counsel's

conduct. *Strickland*, 466 U.S. at 690. To succeed under the first prong, the petitioner must show the attorney's conduct reflects a failure to exercise the skill, judgment, or diligence of a reasonably competent attorney. *United States v. Vincent*, 758 F.2d 379, 381 (9th Cir.), *cert. denied*, 474 U.S. 838 (1985).

Under the second prong, the petitioner must demonstrate prejudice, that but for counsel's unprofessional errors, the result would have been different. *Strickland*, 566 U.S. at 694. However, sheer outcome determination is not sufficient to make out a Sixth Amendment violation; a proper prejudice inquiry focuses on whether counsel's errors or omissions rendered the proceeding fundamentally unfair or the result unreliable. *Lockhart v. Fretwell*, 113 S.C. 838, 842-44 (1993).

*State Court Decisions*. The state courts reviewed these claims in petitioner's personal restraint proceedings. First, the Washington Court of Appeals considered petitioner's claims and rejected them as follows:

> As to counsel's argument during closing argument that the jury should discount some of Brundage's statements, those arguments were a strategic decision taken to minimize the effects of some statements that Brundage had made. Such strategic decisions do not constitute deficient performance. *In re Personal Restraint of Davis*, 152 W.2d 647, 720, 101 P.3d 1 (2004).
> Exhibit 17 at 2.

In denying petitioner's petition for discretionary review, the Washington Supreme Court stated as follows:

> It is readily apparent that defense counsel had sound tactical reasons for acknowledging Mr. Brundage's credibility issues and his violation of court orders. Mr. Brundage gave conflicting stories, and he admitted contacting his spouse in clear violation of court orders. Counsel was making the best of a bad situation, bolstering Mr. Brundage's remaining credibility by way of candor to the jury. Moreover, in light of the evidence against Mr. Brundage, counsel had a tactical basis for emphasizing lesser included alternatives to the jury in order to defeat conviction of greater charges. Counsel was somewhat successful in that regard because the jury convicted Mr. Brundage of the lesser charges of second degree rape and second degree kidnapping. And Mr. Brundage seemingly acknowledges the jury was properly instructed

ORDER ADOPTING REPORT AND
RECOMMENDATION, DENYING PETITION
FOR WRIT OF HABEAS CORPUS, AND
DENYING A CERTIFICATE OF
APPEALABILITY- 4

that counsel's argument was not evidence and that the jury had to find beyond a reasonable doubt that he committed the crimes alleged. In sum, Mr. Brundage cannot base his ineffectiveness claim on those tactical decisions. *See State v. Hendrickson*, 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996)

Dkt. 20, Exhibit 22, at 2.

*Review of the Record.* Petitioner contends that his counsel was ineffective for telling the jury to discount his testimony; and for telling the jury to find him guilty of lesser-included offenses and of violation of the court's no contact order.

Petitioner first claims that counsel was ineffective for telling the jury to discount his testimony. The question under *Strickland* is whether the statements petitioner's counsel made during closing argument were reasonable under the totality of the circumstances. In the context of the case, the record shows that petitioner's counsel attempted to mitigate as much as possible petitioner's potential liability for the crimes that were charged.

The record shows that petitioner gave conflicting testimony about what he had told detectives before or at the time of his arrest, and at trial. See Dkt. 20, Exh. 29, Report of Proceedings, March 27, 2008, Vol. II, at 331-373; Dkt. 20, Exh. 29, Report of Proceedings, March 20, 2003, Vol. V, at 865-868. During his closing argument, petitioner's counsel tried to minimize the damage of the statements petitioner had made to detectives, as follows:

> What do we know about that statement? It was six hours long, probably quite grueling for the detectives but certainly for Mr. Brundage. He had been in the woods for two weeks. He was cold, he was presumably hungry, and he was certainly upset, he was emotional at times. He testified that he felt like he was just kind of out of it. He just wanted to get out of the jail setting, out of the cold holding cell where they wouldn't give him so much as a blanket and go downstairs to a nice warm sheriff's office and sit down with two police officers and have a soda, warm up, and get a blanket. I would argue to you that the statement that Mr. Brundage gave to the Bremerton Police Department needs to be closely scrutinized. We need to look at exactly what he said, how it changes over time, some instances what he said is worse than what he said in court and some instances what he said is better for him that what he said in court. At some points he says he doesn't remember. He is literally all over the board when he talks to those two detectives and because of that and because of his state of mind I will ask you to a significant degree to discount the statement that he made to those

two detectives. Certainly to weigh what he said against what we know, to see if any of it is corroborated.

Dkt. 20, Exhibit 29, Report of Proceedings, March 21, 2003, Vol. VI, at 960-61.

As a result of his direct and cross examination, petitioner's counsel could reasonably have been concerned about the negative effect of this testimony on the jurors, particularly inconsistencies with prior statements, admissions, and testimony of which a jury might be skeptical. *See* Dkt. 29, Exh. 29, Report of Proceedings, March 20, 2003, Vol. V, at 752-883; and 826-827. During his closing argument, defense counsel challenged the credibility of the victim. In discussing petitioner's testimony, petitioner's counsel stated as follows:

> Testimony of Mr. Brundage, we already covered this a little bit, it's basically been all over the board. I suggest it's of very limited value. His testimony and conversation with Detective Schultz and Davis, very limited value, he's troubled, he's emotional, he is fixated, he is obsessive, he is compulsive, he has serious emotional problems and he may not really know the truth. The truth in his mind may be something different than it was six months ago. The truth in his mind may be something different from what he told Detective Schultz. He may not even know because of the emotional crisis he is in what the truth is anymore. He may be that confused. His testimony needs to be discounted.

Dkt. 20, Exh. 29, Report of Proceedings, March 21, 2003, Vol. VI at 981. In the context of the trial, defense counsel's decision to minimize the impact of problematic statements petitioner made to detectives was a reasonable tactical decision. As the Washington Supreme Court stated, defense counsel's remarks were an attempt to make the best of a bad situation by bolstering petitioner's remaining credibility by way of candor to the jury. Further, defense counsel made a reasonable tactical decision to discount the statement of the victim while focusing the jury away from petitioner's testimony.

Petitioner's second exhausted claim is that his counsel was ineffective for telling the jury to find him guilty of the lesser-included offenses of Second Degree Rape , Second Degree Kidnapping, and seven counts of violating a no-contact order. In his testimony, petitioner

ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY- 6

admitted to writing letters and making phone calls to his wife from jail. Dkt. 20, Exh. 29, March 21, 2003, Vol. VI at 956. Conceding that petitioner had violated a no contact order could reasonably enhance counsel's credibility before the jury when counsel discussed the more serious charges.

Further, throughout the closing argument (Dkt. 20, Exh. 29, Report of Proceedings, March 21, 2003, Vol. VI, at 954-987), defense counsel argued against the rapes at the Cove Cottage hotel, and against the handgun and shotgun possession charges. Dkt. 20, Exh. 29, Report of Proceedings, March 21, 2003, Vol. VI, at 958-959. Petitioner's counsel focused on how first degree kidnapping charges were not proved by the State, and emphasized that the evidence pointed to the second degree kidnapping . Dkt. 20, Exh. 29, Report of Proceedings, March 21, 2003, Vol. VI at. 957-958. Defense counsel could not escape the fact that the State had proved, at a minimum, that second degree kidnapping and intercourse had occurred. Defense counsel could also not credibly argue that petitioner was innocent of violating the court's no contact order. The tactical decision to discount the credibility of the victim (Dkt. 20, Exh. 29, Report of Proceedings, March 21, 2003, Vol. VI at. 957-968-979), and to focus away from petitioner's conflicting, and often damaging, testimony, in order to decrease the culpability of petitioner, was reasonable. The jury found petitioner guilty of second degree rape and kidnapping, not first degree, and several counts were dismissed.

In the context of the evidence in the case, the decisions of petitioner's counsel to decrease the impact of petitioner's testimony and prior statements, and to focus in closing argument on attacking the first degree rape and kidnapping decisions, were reasonable. Petitioner has not shown that his counsel's conduct reflected a failure to exercise the skill, judgment, or diligence of a reasonably competent attorney. Further, petitioner has not shown that, but for counsel's unprofessional errors, the result would have been different.

Petitioner has not shown that the claims adjudicated on the merits in the Washington State courts resulted in a decision that was contrary to, or involved an unreasonable application

ORDER ADOPTING REPORT AND
RECOMMENDATION, DENYING PETITION
FOR WRIT OF HABEAS CORPUS, AND
DENYING A CERTIFICATE OF
APPEALABILITY- 7

of, clearly established federal law, as determined by the Supreme Court; nor has he shown that the State court decisions resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. *See* 28 U.S.C. §2254(d).

**3. Certificate of Appealability**

The Magistrate Judge concluded that petitioner is not entitled to a Certificate of Appealability. Dkt. 29, at 11. After a review of the record, the court concurs with the recommendation of the Magistrate Judge. Petitioner has not met the requirements for obtaining a Certificate of Appealability. A Certificate of Appealability should be denied.

Accordingly, it is hereby **ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. 29) is **ADOPTED**, with the addition of the analysis herein. The Petition for Writ of Habeas Corpus is **DENIED**. A Certificate of Appealability is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 23rd day of June, 2011.

ROBERT J. BRYAN
United States District Judge